# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ALBERT MICHAEL LUSTGARTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 2:15-cv-289-NT |
| ) | |
| LOWE'S HOME CENTERS, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS COUNT III OF PLAINTIFF'S AMENDED COMPLAINT

Before the Court is the Defendant's motion to dismiss Count III of the Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ("**Def.'s Motion to Dismiss**") (ECF No. 15). Count III of the Amended Complaint alleges age discrimination in violation of the Maine Human Rights Act (the "**MHRA**"). For the reasons stated below, the motion is **GRANTED**.

## FACTUAL BACKGROUND[1]

Albert Michael Lustgarten (the "**Plaintiff**" or "**Lustgarten**") is a 64-year-old Rockport, Maine resident who worked as a Department Manager at Lowe's Home Centers, LLC (the "**Defendant**" or "**Lowe's**") in Thomaston, Maine for over 6 years. Am. Compl. ¶¶ 1, 6-8 (ECF No. 13). Plaintiff injured his knee and took leave for knee surgery in July of 2014. Am. Compl. ¶ 9. While on leave, a manager from Lowes's "informed a friend of Plaintiff's to warn Plaintiff of Lowe's intent to terminate Plaintiff upon his return to work." Am. Compl. ¶ 10. The Plaintiff returned to work

---

[1] For purposes of a Rule 12(b)(6) motion, the Plaintiff's factual allegations are accepted as true.

on September 15, 2014 with work restrictions. Am. Compl. ¶ 12. On September 26, 2014, the Plaintiff was fired for allegedly being rude and unfriendly. Am. Compl. ¶ 13. The Plaintiff alleges that Lowe's has a practice of terminating older employees with medical conditions. Am. Compl. ¶ 11.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a party may test the sufficiency of the complaint by moving to dismiss for "failure to state a claim upon which relief can be granted." To survive this challenge, "the plaintiff need not demonstrate that [he] is likely to prevail," but "the claim must be 'plausible on its face.' "*Garcia-Catalan v. United States*, 734 F.3d 100, 102-03 (1st Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The plausibility inquiry requires two steps. *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013). First, the court must distinguish "the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Morales–Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.' " *Reilly v. Cox Enterprises, Inc.*, No.13-cv-785-S, 2014 WL 4473772, at *3 (D.R.I. Apr. 16, 2014) (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)). "If the factual allegations in the complaint are too meager,

2

vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc). Ultimately, "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010).

## DISCUSSION

### I. Statutory Background

Lustgarten claims that Lowe's discriminated against him on the basis of age in violation of the MHRA. 5 M.R.S. § 4572(1)(A). "Maine courts apply the MHRA in accordance with federal anti-discrimination law," including the Age Discrimination in Employment Act (the "**ADEA**").[2] *Boyajian v. Starbucks Corp.*, 587 F. Supp. 2d 295, 303 n.3 (D. Me. 2008) (citing *Forrest v. Brinker Intern. Payroll Co., LP*, 511 F.3d 225, 228 n.1 (1st Cir. 2007)). Under the ADEA, it is unlawful for an employer "to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1).

To establish a prima facie case of age discrimination under the ADEA, the plaintiff must show that: "(i) the plaintiff was over the age of forty,[3] (ii) his work was sufficient to meet his employer's legitimate expectations, (iii) his employer took

---

[2] In their briefing, the parties rely exclusively on federal case law interpreting the ADEA. I follow the parties' lead for purposes of this motion.

[3] Unlike the ADEA, the MHRA is age-neutral and "does not specifically limit its protection to a particular age group." *Maine Human Rights Comm'n on Behalf & Use of Trudel v. Kennebec Water Power Co.*, 468 A.2d 307, 309 (Me. 1983). Here, this difference is inconsequential, as Lustgarten is over 40 years old.

3

adverse action against him, and (iv) the employer sought a replacement with roughly equivalent job qualifications, thus revealing a continued need for the same services and skills." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 823 (1st Cir. 1991). Moreover, the plaintiff ultimately "has the burden of establishing 'that age was the 'but-for' cause of the employer's adverse action.'" *Acevedo–Parrilla v. Novartis Ex–Lax, Inc.*, 696 F.3d 128, 138 (1st Cir. 2012) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009)).

## II. Application of the Law to the Facts

The Amended Complaint alleges that: (1) Lustgarten is over 40 years old; (2) he was qualified for his position; (3) Lowe's fired him even though it had a continuing need for his services; and (4) the stated reason for Lustgarten's termination is false. Am. Compl. ¶¶ 34-38. Lustgarten further claims he was terminated due to his age and that Lowe's "employs a practice of terminating old employees with medical conditions." Am. Compl. ¶¶ 11, 14.

Lustgarten argues that his claim for age discrimination should not be dismissed because he "has plead each element of the prima faci[e] case as well as plead that Lowe's asserted justification for his termination is false." Pl.'s Opp'n to Def.'s Mot. to Dismiss 2 ("**Pl.'s Opp'n**") (ECF No. 17). Assuming for the purposes of argument that Lustgarten has plead each element of his prima facie case,[4] "pleading a prima facie case is not the same as pleading a plausible claim." *Reilly,* 2014 WL

---

[4] I note that, although Lustgarten has alleged that the Defendant had a continuing need for the duties performed by Lustgarten, the Amended Complaint does not contain any allegations regarding whether the Defendant sought a replacement with roughly equivalent job qualifications.

4

4473772, at *8. Although the prima facie elements are relevant in that they "may be used as a prism to shed light upon the plausibility of the claim," the determinative question at the pleading stage is whether the plaintiff's allegations set forth a plausible claim for relief. *Rodríguez-Reyes*, 711 F.3d at 54.

Here, accepting the Amended Complaint's factual allegations as true and disregarding conclusory legal allegations, Lustgarten fails to plead a plausible claim for age discrimination. First, the Amended Complaint contains no facts that suggest an age-based discriminatory motive for Lustgarten's termination. Lustgarten simply claims that he was terminated because of his "his medical condition and/or age." Am. Compl. ¶ 14. But conclusory allegations and bald assertions, unsupported by any "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," need not be credited and are not enough to survive a motion to dismiss. *Iqbal*, 556 U.S. at 663; *see also Wilson v. Family Dollar Stores*, No. 06-cv-639-DGT, 2007 WL 952066, at *9 (E.D.N.Y. Mar. 29, 2007) (dismissing an age discrimination case because "[p]laintiff has done nothing more than simply state that she was discriminated against based on her age and has failed to state any of the events or incidents that she believes form the basis of her age discrimination claim").

Second, at the motion to dismiss stage, I must draw all reasonable inferences in Lustgarten's favor. *Medina-Velázquez v. Hernández-Gregorat*, 767 F.3d 103, 112 (1st Cir. 2014). But Lustgarten's allegations do not give rise to any reasonable inference that he was discriminated against because of his age. For example,

5

Lustgarten does not allege any facts about the age of his replacement at Lowe's "that would establish, or even permit an inference, that age was the 'but for' cause of [his] termination." *Minahan v. Town of E. Longmeadow*, No. 3:12-cv-30203-MAP, 2014 WL 7883586, at *7 (D. Mass. Sept. 11, 2014) *report and recommendation adopted in part, rejected in part*, No. 12-cv-30203-MAP, 2015 WL 668451 (D. Mass. Feb. 17, 2015). The absence of any allegations regarding Lustgarten's replacement is telling, as the "plausibility of an age discrimination claim depends in no small part on allegations about the age of a replacement." *Id.; see also Williams v. Shinseki*, No. 11-cv-40030-TSH, 2013 WL 1336360, at *5 (D. Mass. Mar. 29, 2013) ("Plaintiff fails to raise a plausible inference that he was terminated on account of his . . . age, as it is unclear if he was replaced by any other person and there are no factual allegations that indicate any type of discriminatory action."). Any inference that Lustgarten was terminated because of his age is further undercut by the fact that he was hired by Lowe's while in his late fifties. *See* Am. Compl. ¶¶ 6-8; *see also Liburd v. Bronx Lebanon Hosp. Ctr.*, No. 07-11316-HB, 2008 WL 3861352, at *6 (S.D.N.Y. Aug. 19, 2008) (dismissing an age discrimination case where the plaintiff's "conclusory allegation that the Hospital discriminated against her on account of her age is belied by her having been hired when she was forty-seven years old, and thus already a member of the protected class.").

Finally, Lustgarten's claim that Lowe's employs a practice of terminating older employees with medical conditions is unavailing, as Lustgarten has not provided any factual content supporting this conclusory assertion. *See Morales-Cruz*, 676 F.3d at

6

225 (affirming dismissal of a discrimination claim and noting that "speculation, unaccompanied by any factual predicate, is not sufficient to confer plausibility"); *see also Foster v. Humane Soc'y of Rochester & Monroe Cty., Inc.*, 724 F. Supp. 2d 382, 390 (W.D.N.Y. 2010) (bare assertion that defendant has a practice of firing older employees insufficient at Rule 12(b)(6) stage for age claim). Accordingly, I conclude that Lustgarten has failed to plausibly allege age discrimination.

## CONCLUSION

For the reasons stated above, the Defendant's motion to dismiss Count III of the Amended Complaint (ECF No. 15) is **GRANTED**.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 19th day of November, 2015.